UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| In re Consolidated Industries Corp., | ) | |
| | ) | |
| Debtor. | ) | Case No. 4:03-CV-4 JVB |

**OPINION AND ORDER**

Pursuant to Federal Rules of Bankruptcy Procedure 9014 and 7054 and Federal Rule of Civil Procedure 54(d)(1), Daniel L. Freeland, as Trustee for Consolidated Industries, asks for an award of costs in the amount of $38,667.07. Robinson and Cole ("R&C") objects, arguing that the Trustee violated Local Rule 54.1, requiring a bill of costs to be submitted on AO Form 13, and that the copying charges, which constitute $35,835.92 of the costs, are excessive.

On May 28, 2008, the Court, over R&C's objection, granted the Trustee's Motion to Approve Class Action Settlement Agreement. The Motion was a contested proceeding under Bankruptcy Rule 9014, which by reference to Rule 7054 and Federal Rule of Civil Procedure 54(d)(1), allows a prevailing party to recover, among other things, the copying charges incurred during litigation of the case.

R&C argues that the Trustee should not be allowed to recover costs because he did not file a bill of costs on AO Form 13, as required by Local Rule 54.1: "[a] party requesting taxation of costs shall submit a completed bill of costs on AO Form 13." Furthermore, R&C insists the Trustee's charge of 11cents per page for 200,000 pages is excessive and that the expense should not have been more than 5 to 6 cents per page, which is what the Trustee charges for copies made at its offices. R&C claims that the copying charges are excessive on their face, that the Trustee copied many unnecessary documents, and that the Trustee is attempting to include the

copying charges incurred before the litigation had begun. R&C suggests that the copying charges in the Seventh Circuit may not exceed $10,000.

The Court is not persuaded by any of R&C's arguments. Rule 54(d) allows a prevailing party to recover the costs of litigation, including copying costs. In fact, "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Inds. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). No such reason exists here.

Although the Trustee's failure to submit a bill of costs on AO Form 13 has caused some inconvenience to R&C and the Court, that is not enough of a reason for an outright denial of costs. In any case, the Trustee's submission states clearly the amounts and the nature of the expenses he seeks to recover, which is the purpose of AO Form 13. The Court expects the parties to follow procedural rules, including local rules, but it will not penalize a party for this error.

Next, the Court finds that the Trustees copying charges are reasonable. The majority of the Trustee's copying costs relate to producing documents responsive to R&C's discovery requests. Most of the documents were held by Jeffrey Richardson, the Trustee's counsel in the class action litigation. Mr. Richardson works at the Los Angeles firm of Mitchell, Silberberg & Knupp, LLP. R&C demanded production of discovery documents in Fort Wayne, Indiana. Mr. Richardson complied with that request by sending his documents for copying to an outside vendor, Business Support Services, Inc., also located in Los Angeles. Business Support Services picked up the original documents, copied them onto a disk, and processed them so that they could be sent to R&C in Indiana. The copying charges included California sales tax. Given the

size of the project, counsel acted reasonably by retaining an outside business to copy the documents, and any expenses associated with this project were reasonable and, thus, recoverable.

R&C's claim that the Seventh Circuit limits copying costs to $10,000 is without basis. R&C relies on *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936 (7th Cir. 1988), for its assertion, but neither this case nor any other case in this Circuit sets a definitive limit for allowable copying costs. In fact, the Seventh Circuit did not hesitate to affirm a district court which allowed $50,000 for copying costs incurred in a lengthy and complex case. Here, too, the copying costs are justified by the complexity of the case. Furthermore, $30,309.33 of the $35,838.92 in copying charges relate directly to the cost of the document production.

R&C would like the Trustee to review all copies for which it wants to recover copying costs to make sure no duplications have occurred. Such a request is unwarranted. Absent evidence that the Trustee intentionally made duplicate copies to drive up costs or of an unusually high number of duplicates, the Court will not subject the Trustee to any additional burdens.

Likewise, the Court finds that the Trustee may recover $588.06 for copying costs incurred in July and August 2007, before R&C objected to the Trustee's Motion. These charges were necessarily incurred to present the settlement motion and may be appropriately taxed to R&C.

In summary, the Court grants the Trustee's Motion (DE 86) and awards him costs in the amount of $38,667.07.

SO ORDERED on March 3, 2009.

    s/ Joseph S. Van Bokkelen
    JOSEPH S. VAN BOKKELEN
    UNITED STATES DISTRICT JUDGE